**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW EARTHSHELL CORPORATION, | Civil Action No.: 14-cv-7665 |
| Plaintiff, | |
| v. | OPINION |
| LYCOS INTERNET LIMITED, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

### I.    INTRODUCTION

This matter comes before the Court on the motion by Defendants Lycos Internet Limited (formerly known as Ybrant Digital Limited) ("Lycos") and Online Media Solutions Limited (named in this action as Ybrant Digital Israel) ("Online") to dismiss Plaintiff New Earthshell Corporation's ("Plaintiff") Verified Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Mot. to Dismiss, ECF No. 12. Plaintiff opposed the motion. Pl.'s Opp., ECF No. 18. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons below, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction.

### II.   BACKGROUND[1]

On April 1, 2014, Plaintiff, a Delaware corporation with its principal place of business in New Jersey, sold Viumbe LLC ("Viumbe"), a digital media company owning several websites, to

---

[1] The Court also set forth the factual background for this case in its opinion denying Plaintiff's request for a preliminary injunction. See Opinion dated January 12, 2015 ("PI Op."), ECF No. 16.

1

JoBookit Holdings Limited ("JoBookit"), an Israeli company that is not a party to this action. Compl. ¶¶ 8-9.² JoBookit bought Viumbe for $2.5 million, with $1 million paid to Plaintiff at closing, and Plaintiff extended JoBookit a $1.5 million loan to finance the balance of the purchase price. Id. Plaintiff's loan was secured by a security interest in the "Collateral," which included "[a]ll of the present and future property and assets of [Viumbe], whether now owned or hereafter arising or acquired . . . ." Compl. ¶ 9; Declaration of Nikolas Komyati, ECF No. 18-1, Ex. B. Plaintiff contends it perfected its security interest in the Collateral "by filing a UCC-1 financing statement in Delaware, Viumbe's state of organization." Compl. ¶ 10.

Like JoBookit, Defendant Online is an Israeli company, organized under Israeli laws with its principal place of business in Israel. Compl. ¶ 4. Defendant Lycos is incorporated under Delaware law, with its principal place of business in India. Id. at ¶ 3. Plaintiff alleges that JoBookit and Defendants "actively schem[ed] to divert Plaintiff's Collateral for Defendants' benefit," Compl. ¶ 16, by entering into "Supervening Transaction[s]," pursuant to which Defendants made a $1 million investment in JoBookit and, in exchange, Viumbe "assigned, transferred, and/or diverted 70% of its revenues to Defendants," who took control of Viumbe's "revenue, accounts receivable and the proceeds thereof." Compl. ¶ 22. Through these transactions, Plaintiff contends that Defendants "intentionally deprived Plaintiff of its first priority, perfected security interest,

---

² According to Plaintiff's Complaint filed in the Southern District of New York, which Plaintiff attached as an exhibit to its Verified Complaint in this action, Viumbe is a limited liability company organized under the laws of Delaware, with its principal place of business in California, and with JoBookit as its sole member. See Notice of Removal, Ex. B, ECF Nos. 1-6 and 1-7.

materially reduced the Collateral available to secure [Plaintiff's] [l]oan, and subjected Plaintiff's Collateral to competing claims by Defendants and their creditors." Pl.'s Opp. Br. 7.[3]

In May 2014, Plaintiff filed an action in the Southern District of New York against JoBookit, JoBookit's CEO and Viumbe, asserting numerous causes of action, including fraud and breach of contract, related to the allegations above. See Notice of Removal, Ex. B, ECF Nos. 1-6 and 1-7. That action has since been dismissed. See New Earthshell Corp. v. JoBookit Holdings Ltd., No. 14-3602, 2015 WL 1000343 (S.D.N.Y. Mar. 5, 2015).

Separately, Plaintiff filed the instant action against Defendants in New Jersey Superior Court. Plaintiff's Complaint asserts nine causes of action: (1) Collection and Enforcement by a Secured Party under U.C.C. 9-607; (2) U.C.C. 9-609: Secured Party's Right to Take Possession After Default; (3) Impairment of Collateral; (4) Tortious Interference with Contract; (5) Conversion; (6) Unjust Enrichment; (7) Constructive Trust; (8) Declaratory Judgment; and (9) Accounting. See generally Compl. Plaintiff also moved for a temporary restraining order ("TRO"), enjoining and restraining Defendants from commingling or transferring any portion of the Collateral in which Plaintiff claims a security interest—including Viumbe's "revenues, accounts receivable and the proceeds thereof." Notice of Removal, Ex. B. After the TRO was granted in state court, on December 9, 2014, Defendants removed the action to this Court and opposed Plaintiff's motion for a preliminary injunction. ECF Nos. 1 and 4. Defendants argued in their opposition that this Court lacked personal jurisdiction over them. After further briefing and

---

[3] Plaintiff does not differentiate between Defendants Online and Lycos throughout the Verified Complaint, but Defendants contend that Lycos was not a party to the "Supervening Transaction[s]" with JoBookit. Defs.' Br. 4 n.2.

3

a hearing, the Court agreed with Defendants that Plaintiff had not shown that this Court had personal jurisdiction over them and denied Plaintiff's motion for a preliminary injunction. PI Op.

Because Defendants had also filed the instant motion to dismiss and because Plaintiff suggested that jurisdictional discovery might be appropriate, the Court decided to address whether to dismiss the action or to permit jurisdictional discovery in deciding the instant motion. Id. at 9-10. On January 20, 2015, Plaintiff filed its opposition to the motion to dismiss. See Pl.'s Opp. Br., ECF No. 18. In its opposition, Plaintiff did not request jurisdictional discovery. Id.

### III.   LEGAL STANDARD

Defendants bring the instant motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and alternatively for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants," but where, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).[4]

### IV.   DISCUSSION

#### A.   Personal Jurisdiction

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499

---

[4] Because the Court finds that it lacks personal jurisdiction over Defendants, the Court does not address the alternative argument that Plaintiff has failed to state a claim upon which relief can be granted.

4

F.3d 290, 295-96 (3d Cir. 2007) (citing <u>Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n</u>, 819 F.2d 434, 437 (3d Cir. 1987); Fed. R. Civ. P. 4(k)(1)(A)). New Jersey's long-arm statute permits jurisdiction over non-resident defendants consistent with the due process requirements of the United States Constitution. <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4; <u>Charles Gendler & Co. v. Telecom Equip. Corp.</u>, 102 N.J. 460 (1986)).

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984) (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). There are two general types of personal jurisdiction that reflect the requirements of the Due Process Clause of the Fourteenth Amendment—general jurisdiction and specific jurisdiction. <u>Marten</u>, 499 F.3d at 296. General jurisdiction is proper over nonresident corporations when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 754 (2014). Specific jurisdiction, on the other hand, describes the authority to exercise jurisdiction over suits that "aris[e] out of or relate[] to the defendant's contacts with the forum." <u>Id.</u> (quoting <u>Helicopteros</u>, 466 U.S. at 414). Specific jurisdiction requires that the defendant have "purposely directed [its] activities at the forum," that plaintiff's claim "arise out of or relate to at least one of those specific activities," and that jurisdiction "otherwise comports with fair play and substantial justice." <u>Marten</u>, 499 F.3d at 296 (internal citations omitted).

Plaintiff argues that this Court has personal jurisdiction over Defendants based on the effects of their conduct in New Jersey.[5] In certain circumstances, a court may exercise personal jurisdiction over a non-resident defendant based on the effects of the defendant's conduct in the forum state. Marten, 499 F.3d at 297 (citing Calder v. Jones, 465 U.S. 783 (1984)). "The effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth." Id. The Third Circuit has interpreted the "effects test" in Calder to allow the plaintiff to demonstrate personal jurisdiction by satisfying the following three elements:

(1) The defendant committed an intentional tort;
(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Id. (citing IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998)).

Under the effects test, a defendant may not be "haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state." Id. Thus, to demonstrate personal jurisdiction under the effects test, the plaintiff must show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." Id. at 297-98 (internal quotations and citations omitted). With regard to business torts, the "'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant

---

[5] Plaintiff does not argue or allege any facts that suggest that Defendants have systematic and continuous contacts with the State so as to render them "at home" in New Jersey for the purposes of general jurisdiction. See Daimler, 134 S. Ct. at 761-62. Further, Plaintiff does not argue that Defendants have contacts with New Jersey that would meet the traditional specific jurisdiction standard. See Marten, 499 F.3d at 296-97; Pl.'s Opp. Br. 9.

6

*expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." IMO Indus., 155 F.3d at 265. It is not enough to "simply assert[] that the defendant knew that the plaintiff's principal place of business was located in the forum." Id. The typical case thus requires "some type of 'entry' into the forum state by the defendant." Id.

Defendants argue that personal jurisdiction does not exist under the "effects test," because Plaintiff has not shown that Defendants expressly aimed any of their allegedly tortious conduct at New Jersey. Defs.' Br. 11-12. Plaintiff responds that Defendants expressly aimed their conduct at New Jersey because Defendants "knew [their actions] would have a potentially devastating impact upon [Plaintiff]," which has its principal place of business in New Jersey, Pl.'s Opp. Br. 9, and because "Defendants reached into New Jersey and purposefully took a substantial portion of Plaintiff's Collateral, thereby availing themselves of the privilege of conducting business in the State and subjecting themselves to New Jersey law." Id. at 10.

Plaintiff has not established a prima facie case to support personal jurisdiction over the Defendants because Plaintiff has not alleged facts showing that Defendants expressly aimed their conduct at New Jersey. Plaintiff argues that Defendants knew, or must have known, based on "cursory due diligence" in connection with the transactions with JoBookit, that Plaintiff's principal place of business was in New Jersey. Id. at 11-13. However, such knowledge alone is insufficient to support the exercise of jurisdiction. See IMO Indus., 155 F.3d at 265. Although Plaintiff claims that personal jurisdiction exists because Defendants allegedly "divert[ed] and convert[ed] property that belongs in New Jersey," Pl.'s Opp. Br. 16, none of Defendants' conduct occurred in or otherwise targeted New Jersey. According to Defendants, the transactions at issue between Online and JoBookit were negotiated in and executed in Israel, see Nizri Decl. ¶¶ 23-24, and Plaintiff does not allege otherwise, see generally Pl.'s Opp. Br.; Compl.; Komyati Decl., Ex. A (indicating that

7

the Share Purchase Agreement was "made and entered into in Hertzliya, Israel" between JoBookit, an Israeli company and Online, an Israeli corporation). Moreover, Viumbe, the company whose assets and revenue allegedly constitute the Collateral at issue, is not located in New Jersey. See Komyati Decl., Exs. B and C (indicating that Viumbe LLC is a Delaware limited liability company with offices in San Francisco, CA).

Similar to the case in IMO Industries, where personal jurisdiction did not exist over a German corporation accused of tortious interference with the New Jersey-based plaintiff's attempt to sell its Italian subsidiary, the transactions giving rise to this dispute occurred outside of New Jersey and New Jersey was not the focus of the dispute. See 155 F.3d at 268; see also Voltaix LLC v. NanoVoltaix, Inc., No. 09-142, 2009 WL 3230887, at *3 (D.N.J. Oct. 1, 2009) (defendant's awareness of plaintiff's presence in New Jersey and that the brunt of the harm would be felt in New Jersey only established foreseeability, and not the "deliberate targeting of the forum state required for the exercise of personal jurisdiction"). This case is unlike the situation in Gambone v. Lite Rock Drywall, 288 F. App'x 9, 13-14 (3d Cir. 2008), where the effects test supported personal jurisdiction over a non-resident defendant. There, the defendant had "expressly aimed" his conduct at the forum because he allegedly participated in a fraudulent conveyance for the purpose of preventing Pennsylvania creditors from collecting a judgment rendered in Pennsylvania by a Pennsylvania court. Id. Here, nothing ties the Plaintiff's security interest in the Collateral to New Jersey other than the fact that Plaintiff's principal place of business is in New Jersey.

Defendants correctly point out that there are no arguments or documents in Plaintiff's opposition that were not before the Court in connection with the motion for a preliminary injunction. Further, none of the documents Plaintiff submitted show Defendants' intent to target New Jersey. Plaintiff argues that a public statement filed by JoBookit with the Israel Securities

Authority on April 8, 2014, in which JoBookit explained that the disclosure of its investment agreement with Online might have "worsened the terms of the transaction for purchasing Viumbe LLC," evidences Defendants' "intent to cause damage to Plaintiff in New Jersey." Pl.'s Opp. Br. 6. But even if that document were evidence of Defendants' intent to interfere with Plaintiff's interest in Viumbe or Plaintiff's transactions with JoBookit, there is nothing indicating that Defendants' actions somehow centered on New Jersey.

Plaintiff's allegations do not satisfy the "expressly aimed" requirement of the effects test. See IMO Indus., 155 F.3d at 268. Further, Plaintiff no longer requests the opportunity to conduct jurisdictional discovery. See generally, Pl.'s Opp. Br. Therefore, the Court finds that it lacks personal jurisdiction over the Defendants, and the Court does not reach the question whether the Verified Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**B.     Transfer**

Plaintiff suggests that if the Court finds it lacks personal jurisdiction over Defendants, the Court should transfer this case to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a), "to be consolidated with the pending action against JoBookit." Id. at 18. Defendants object, as the Plaintiff has not established that the Southern District of New York is a district in which the case "could have been brought." Defs.' Reply 9 (citing § 1406(a)). Further, since the instant motion was briefed, Plaintiff's action in the Southern District of New York has been dismissed. See Letter dated March 10, 2015, ECF No. 21; see also New Earthshell Corp. v. JoBookit Holdings Ltd., No. 14-3602, 2015 WL 1000343 (S.D.N.Y. Mar. 5, 2015).

Putting aside whether Plaintiff properly raised its request for transfer in its opposition papers, Plaintiff has not shown that transfer is appropriate in this case. Section 1406 provides that where venue is improper, the court may transfer a case, "if it be in the interest of justice," to "any

9

district or division in which it could have been brought." 28 U.S.C. § 1406. Plaintiff has not shown why transfer would be in the interest of justice or why the action could have been brought in the Southern District of New York. See Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (noting that dismissal was appropriate, as opposed to transfer, where plaintiffs "failed to draw [the court's] attention to any injustice that would result from dismissal as opposed to transfer"); Weber v. Jolly Hotels, 977 F. Supp. 327, 334 (D.N.J. 1997) (noting that "section 1406(a) mandates that a district court can transfer a case to another district only if the other district has personal jurisdiction over the defendant," and that "[i]f the Court is unsure whether the other district has personal jurisdiction over the defendant, it usually dismisses without prejudice so that the plaintiff does not lose his cause of action"). The only argument Plaintiff raises is the prospect of consolidating the action with Plaintiff's action against JoBookit, and that is no longer possible. Plaintiff does not argue, and indeed Defendants contest, that the district court in the Southern District of New York would have personal jurisdiction over Defendants. Therefore, the Court will dismiss the action for lack of personal jurisdiction, without prejudice.

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is granted. An appropriate order accompanies this Opinion.

Dated: August 6, 2015

CLAIRE C. CECCHI, U.S.D.J.